# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

RONNIE LOUIS MARVEL KAHAPEA,

    Applicant,

v.                                                                                         No. 1:19-mc-00028-MV

PENNYMAC LOAN SERVICES, LLC, and
PLAZA HOME MORTGAGE, INC.,

    Respondents.

## MEMORANDUM OPINION AND ORDER DENYING MOTION FOR CONFIRMATION OF ARBITRATION AWARD

**THIS MATTER** comes before the Court on Applicant's Application for Confirmation of Arbitration Award, Doc. 1, filed November 18, 2019.

Applicant asserts that he was issued an arbitration award granting him monetary relief in the amount of $1,800,000.00 and asks the Court to confirm an arbitration award pursuant to Federal Arbitration Act ("FAA"), which provides in part:

> *If the parties in their agreement have agreed that a judgment of the court shall be entered upon the award made pursuant to the arbitration*, and shall specify the court, then at any time within one year after the award is made any party to the arbitration may apply to the court so specified for an order confirming the award, and thereupon the court must grant such an order unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11 of this title. If no court is specified in the agreement of the parties, then such application may be made to the United States court in and for the district within which such award was made.

9 U.S.C. § 9 (emphasis added).

As the party seeking to invoke the jurisdiction of this Court, Applicant bears the burden of alleging facts that support jurisdiction. *See Dutcher v. Matheson*, 733 F.3d 980, 985 (10th Cir. 2013) ("Since federal courts are courts of limited jurisdiction, we presume no jurisdiction exists absent an adequate showing by the party invoking federal jurisdiction"); *Evitt v. Durland*, 243 F.3d

388, at *2 (10th Cir. 2000) ("even if the parties do not raise the question themselves, it is our duty to address the apparent lack of jurisdiction sua sponte") (quoting *Tuck v. United Servs. Auto. Ass'n,* 859 F.2d 842, 843 (10th Cir.1988)).

The Court denies Applicant's motion to confirm the arbitration award because Applicant has not shown that the Court has jurisdiction over this matter. Despite Exhibit 2 of the Application being labeled "Arbitration Agreement," Applicant has not filed a copy of the arbitration agreement showing that the Parties "have agreed that a judgment of the court shall be entered upon the award made pursuant to the arbitration." Application at 29. "Section 9 [of the FAA] conditions applicability of the FAA's summary confirmation process on whether 'the parties in their agreement have agreed that a judgment of the court shall be entered upon the award made pursuant to the arbitration'... there is no federal court jurisdiction to confirm under the FAA where such jurisdiction has not been made a part of the arbitration agreement." *Okla. City Assoc. v. Wal-Mart Stores, Inc.*, 923 F.2d 791, 793-795 (10th Cir. 1991) (concluding that party seeking confirmation of arbitration award "failed to point out any language in the arbitration clause that either explicitly or implicitly demonstrates an intent of the parties to have judgment entered on an arbitration award. Therefore, [the party seeking confirmation] has not fulfilled the jurisdictional requirements of § 9 of the [Federal Arbitration Act], and the district court was without jurisdiction to confirm this award under the FAA").

Respondents Plaza Home Mortgage, Inc. ("Plaza") and Pennymac Loan Services, LLC ("Pennymac") filed motions to dismiss Application for Confirmation. *See* Plaza's Motion, Doc. 5, filed December 5, 2019 (asserting improper service on Plaza, lack of personal jurisdiction over Plaza, and improper venue in the District of New Mexico); Pennymac's Motion, Doc. 10, filed December 12, 2019 (asserting lack of personal jurisdiction over Pennymac, improper venue in the

District of New Mexico, improper service on Pennymac, failure to state a claim, Applicant failed to file any agreement between Applicant and Pennymac, letters Applicant sent to Pennymac are not agreements to arbitrate, and the award is fraudulent on its face). Applicant filed an Affidavit asserting that the Court does not have jurisdiction to issue an order regarding the motions to dismiss. *See* Doc. 16, filed January 2, 2020. Applicant's Affidavit does not include a copy of any arbitration agreement between Applicant and Respondents, and does not otherwise allege facts that support the Court's jurisdiction over this matter. Because the Court does not have jurisdiction to confirm the arbitration award, the Court dismisses Plaza's and Pennymac's motions to dismiss as moot.

**IT IS ORDERED** that:

(i) Applicant's Application for Confirmation of Arbitration Award, Doc. 1, filed November 18, 2019, is **DENIED.**

(ii) Respondent Plaza Home Mortgage, Inc.'s Motion to Dismiss Application for Confirmation and Enforcement of Arbitration Award, Doc. 5, filed December 5, 2019, is **DENIED as moot.**

(iii) Respondent Pennymac Loan Services, LLC's Motion to Dismiss, or in the Alternative, to Transfer Venue, Doc. 10, filed December 12, 2019, is **DENIED as moot.**

_____
MARTHA VÁZQUEZ
UNITED STATES DISTRICT JUDGE

**Plaintiff** *Pro Se*

**Attorneys for Pennymac Loan Services**
Cheryl Stephanie Chang
Elizabeth M. Dranttel
Nicole Bartz Metral

**Attorney for Plaza Home Mortgage**
Mark T. Baker