# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

RONNIE LOUIS MARVEL KAHAPEA,

    Applicant,

v.                                                                                  No. 1:19-mc-00028-MV

PENNYMAC LOAN SERVICES, LLC, and
PLAZA HOME MORTGAGE, INC.,

    Respondents.

## MEMORANDUM OPINION AND ORDER
## GRANTING PENNYMAC'S MOTION FOR SANCTIONS,
## DENYING APPLICANT'S MOTION TO STRIKE AND
## TO SHOW CAUSE

**THIS MATTER** comes before the Court on Respondent PennyMac Loan Services, LLC's Motion for Sanctions under Fed. R. Civ. P. 11, Doc. 25, filed February 3, 2020 ("Motion for Sanctions"), and Applicant's Motion to Strike Motion for Sanctions, Doc. 28, filed February 18, 2020.

Applicant, who is proceeding *pro se*, filed an Application asking the Court to confirm an arbitration award pursuant to Federal Arbitration Act. *See* Doc. 1, filed November 18, 2019.

The Court denied Applicant's Application for lack of jurisdiction because Applicant did not file a copy of the arbitration agreement showing that the Parties "have agreed that a judgment of the court shall be entered upon the award made pursuant to the arbitration." Mem. Op. and Order, Doc. 21, filed January 10, 2020.

Applicant subsequently filed two motions for summary judgment asking the Court to order the arbitration award be paid to Applicant. *See* Affidavit, Doc. 22, filed January 21, 2020; Affidavit, Doc. 23, filed January 27, 2020.

The Court denied Applicant's motions for summary judgment and reminded Applicant that filing any additional requests with the Court without first establishing jurisdiction will be futile and will cause the Court to needlessly expend valuable resources addressing such requests. *See* Notice and Order at 1-2, Doc. 24, filed January 29, 2020.

PennyMac then filed its Motion for Sanctions on the grounds that: (i) the Final Arbitration Award that is attached to Applicant's application to confirm an arbitration award is fraudulent because there was no agreement between PennyMac and Applicant; (ii) PennyMac did not participate in any purported arbitration hearing referenced in the Final Arbitration Award; and (iii) Applicant filed his application to confirm an arbitration award to harass PennyMac and obtain a fraudulent money judgment. PennyMac seeks an award of its attorney fees and costs.

Applicant subsequently filed his Motion to Strike PennyMac's Motion for Sanctions. Applicant's argument, which is difficult to understand, seems to be that Applicant sent PennyMac a "Counter Offer," PennyMac did not respond and thereby "tacitly acquiesce[d] and "accept[ed] the "Counter Offer." Motion to Strike at 1. Applicant also contends that because PennyMac did not respond, "the agreement in question cannot be produced." Motion to Strike at 2. The Court denies Applicant's Motion to Strike because it does not contain any argument or cite any legal authority to support striking PennyMac's Motion for Sanctions. *See* D.N.M.LR-Civ. 7.1(a) ("A motion must be in writing and state with particularity the grounds and the relief sought").

Applicant later filed a motion demanding that the Court dismiss this case with prejudice and "order the Respondents [to] fulfil their financial burdens." Affidavit, Doc. 29, filed February 18, 2020. The Court denies Applicant's Affidavit/motion to dismiss because it seeks confirmation of an arbitration award but Applicant has not shown that the Court has jurisdiction to do so.

The Court grants PennyMac's Motion for Sanctions because Applicant has disregarded the Court's instruction that Applicant must first establish jurisdiction before the Court can confirm an arbitration award. By continuing to request that the Court confirm the award without first establishing jurisdiction, Applicant has caused the Court and Respondents to needlessly expend resources addressing those requests.

**Court's Power to Impose Filing Restrictions**

The Court of Appeals for the Tenth Circuit has discussed the Court's power to impose filing restrictions and the procedure for imposing filing restrictions:

> "[T]he right of access to the courts is neither absolute nor unconditional and there is no constitutional right of access to the courts to prosecute an action that is frivolous or malicious." *Tripati v. Beaman,* 878 F.2d 351, 353 (10th Cir.1989) (per curiam) (citation omitted). "There is strong precedent establishing the inherent power of federal courts to regulate the activities of abusive litigants by imposing carefully tailored restrictions under the appropriate circumstances." *Cotner v. Hopkins,* 795 F.2d 900, 902 (10th Cir.1986). "Even onerous conditions may be imposed upon a litigant as long as they are designed to assist the ... court in curbing the particular abusive behavior involved," except that they "cannot be so burdensome ... as to deny a litigant meaningful access to the courts." *Id.* (brackets and internal quotation marks omitted). "Litigiousness alone will not support an injunction restricting filing activities. However, injunctions are proper where the litigant's abusive and lengthy history is properly set forth." *Tripati,* 878 F.2d at 353 (citations omitted). "[T]here must be some guidelines as to what [a party] must do to obtain the court's permission to file an action." *Id.* at 354. "In addition, [the party] is entitled to notice and an opportunity to oppose the court's order before it is instituted." *Id.* A hearing is not required; a written opportunity to respond is sufficient. *See id.*

*Landrith v. Schmidt*, 732 F.3d 1171, 1174 (10th Cir. 2013).

**Litigant's Abusive History**

Applicant initiated this case by filing an application asking the Court to confirm an arbitration award pursuant to the Federal Arbitration Act. The Court explained to Applicant that the Court was dismissing the case for lack of jurisdiction because Applicant did not file a copy of the arbitration agreement showing that the Parties have agreed that a judgment of the court shall

be entered upon the award made pursuant to the arbitration, as required by the Federal Arbitration Act. Despite the Court notifying Applicant that he needs to file a copy of the arbitration agreement for the Court to have jurisdiction, Applicant then filed two "affidavits" requesting summary judgment in favor of Applicant. The Court denied Applicant's requests for summary judgment and reminded Applicant that filing any additional requests without first establishing jurisdiction would be futile and cause the Court to needlessly expend valuable resources. Applicant then filed yet another "affidavit" "demand[ing]" the Court to "order the Respondents [to] fulfil their financial burdens," but without producing an arbitration agreement that would give the Court jurisdiction over this matter. *See* Doc. 29, filed February 18, 2020. The Court finds that filing restrictions are appropriate so that the Court does not expend valuable resources addressing any future such cases.

**Proposed Filing Restrictions**

The Court proposes to impose the following filing restrictions on Applicant.

Applicant will be enjoined from making further filings in this case except objections to this order, a notice of appeal and a motion for leave to proceed on appeal *in forma pauperis*; and the Clerk will be directed to return without filing any additional submissions by Applicant in this case other than objections to this order, a notice of appeal, or a motion for leave to proceed on appeal *in forma pauperis,* unless:

1. A licensed attorney who is admitted to practice before this Court and has appeared in this action signs the proposed filing; or

2. Applicant has obtained permission to proceed *pro se* in this action in accordance with the procedures for new pleadings set forth below.

Applicant also will be enjoined from initiating further litigation in this Court, and the Clerk will be directed to return without filing any initial pleading that he submits, unless either a licensed

4

attorney who is admitted to practice before this Court signs the pleading or Plaintiff first obtains permission to proceed *pro se*. *See DePineda v. Hemphill*, 34 F.3d 946, 948-49 (10th Cir. 1994). To obtain permission to proceed *pro se* in this Court, Applicant must take the following steps:

1. File with the Clerk of Court a petition requesting leave to file a *pro se* initial pleading, a notarized affidavit, the proposed initial pleading, and a copy of these filing restrictions;

2. The affidavit must be notarized, be in proper legal form and recite the claims that Applicant seeks to present, including a short discussion of the legal bases for the claims, and the basis of the Court's jurisdiction of the subject matter and parties. The affidavit must certify that, to the best of Applicant's knowledge, his claims are not frivolous or made in bad faith; that they are warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law; that the new suit is not initiated for any improper purpose such as delay or needless increase in the cost of litigation; and that he will comply with all Federal Rules of Civil Procedure and the District of New Mexico's Local Rules of Civil Procedure. If Applicant's claims have previously been raised or the defendants have previously been sued, the affidavit must certify that the proposed new suit does not present the same claims that this or any other court has decided and explain why the new suit would not be an abuse of the system;

3. The Clerk of the Court shall open a new civil case, file the petition, the affidavit, the proposed pleading and the copy of these restrictions in the new civil case, and randomly assign a Magistrate Judge to determine whether to grant Applicant's petition to proceed *pro se* in the new civil case. *See* Mem. Op. and Order, Doc. 5 in *In re Billy L. Edwards*, No. 15cv631 MCA/SMV (D.N.M. November 13, 2015) (adopting procedure, similar to that of the Tenth Circuit, of opening a new case and filing the restricted filer's petition to proceed *pro se*). If the Magistrate Judge approves Applicant's petition to proceed *pro se*, the Magistrate Judge shall enter an order

indicating that the matter shall proceed in accordance with the Federal Rules of Civil Procedure and the District of New Mexico's Local Rules of Civil Procedure. If the Magistrate Judge does not approve Applicant's petition to proceed *pro se*, the Magistrate Judge shall instruct the Clerk to assign a District Judge to the new case.

**Opportunity to Be Heard**

Applicant is ordered to show cause within fourteen (14) days from the date of this order why this court should not enter the proposed filing restrictions. Applicant's written objections to the proposed filing restrictions shall be limited to 10 pages. Absent a timely response to this Order to Show Cause, the proposed filing restrictions will enter fourteen (14) days from the date of this order and will apply to any matter filed after that time. If Applicant does file a timely response, the proposed filing restrictions will not enter unless the Court so orders, after it has considered the response and ruled on Plaintiff's objections.

**IT IS ORDERED** that:

(i) Respondent PennyMac Loan Services, LLC's Motion for Sanctions under Fed. R. Civ. P. 11, Doc. 25, filed February 3, 2020, is **GRANTED.**

(ii) Applicant's Motion to Strike Motion for Sanctions, Doc. 28, filed February 18, 2020, is **DENIED.**

(iii) Applicant's Affidavit, Doc. 29, filed February 18, 2020, is **DENIED.**

(iv) Within fourteen (14) days from entry of this Order, Applicant shall show cause why this Court should not enter the proposed filing restrictions described above. If Applicant does not timely file objections, the proposed filing restrictions shall take effect fourteen (14) days from the date of this order and will apply to any matter

filed after that time.  If Applicant timely files objections, restrictions will take effect only upon entry of a subsequent order.

_____
**MARTHA VÁZQUEZ**
**UNITED STATES DISTRICT JUDGE**