IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

RONNIE LOUIS MARVEL KAHAPEA,

    Applicant,

v.                                                                                                                                                             No. 1:19-mc-00028-MV

PENNYMAC LOAN SERVICES, LLC, and
PLAZA HOME MORTGAGE, INC.,

    Respondents.

## MEMORANDUM OPINION AND ORDER OF DISMISSAL

Applicant initiated this case stating that he was issued an arbitration award granting him monetary relief in the amount of $1,800,000.00 and asking the Court to confirm the arbitration award pursuant to Federal Arbitration Act. *See* Application for Confirmation of Arbitration Award, Doc. 1, filed November 18, 2019.

The Court denied the Application for confirmation of the arbitration award stating:

> The Court denies Applicant's motion to confirm the arbitration award because Applicant has not shown that the Court has jurisdiction over this matter. Despite Exhibit 2 of the Application being labeled "Arbitration Agreement," Applicant has not filed a copy of the arbitration agreement showing that the Parties "have agreed that a judgment of the court shall be entered upon the award made pursuant to the arbitration." Application at 29. "Section 9 [of the FAA] conditions applicability of the FAA's summary confirmation process on whether 'the parties in their agreement have agreed that a judgment of the court shall be entered upon the award made pursuant to the arbitration'... there is no federal court jurisdiction to confirm under the FAA where such jurisdiction has not been made a part of the arbitration agreement." *Oklahoma City Assoc. v. Wal-Mart Stores, Inc.*, 923 F.2d 791, 793-795 (10th Cir. 1991) (concluding that the party seeking confirmation of arbitration award "failed to point out any language in the arbitration clause that either explicitly or implicitly demonstrates an intent of the parties to have judgment entered on an arbitration award. Therefore, [the party seeking confirmation] has not fulfilled the jurisdictional requirements of § 9 of the [Federal Arbitration Act], and the district court was without jurisdiction to confirm this award under the FAA").

Doc. 21 at 2, filed January 10, 2020.

Applicant continued to file additional documents asking the Court to confirm the arbitration award, and thus had additional opportunities to establish jurisdiction but did not do so. Because of Applicant's abusive filing in this case the Court granted Respondent PennyMac Loan Services, LLC's motion for sanctions, imposed filing restrictions and awarded Respondent PennyMac Loan Services, LLC attorneys' fees and costs. *See* Doc. 36, filed March 30, 2020; Doc. 37, filed April 14, 2020; Doc. 39, filed May 15, 2020.

As the party seeking to invoke the jurisdiction of this Court, Applicant bears the burden of alleging facts that support jurisdiction. *See Dutcher v. Matheson*, 733 F.3d 980, 985 (10th Cir. 2013) ("Since federal courts are courts of limited jurisdiction, we presume no jurisdiction exists absent an adequate showing by the party invoking federal jurisdiction."). Applicant has not met his burden of showing that the Court has jurisdiction over this matter.

The Court dismisses this action without prejudice for lack of subject-matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); *Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1218 (10th Cir.2006) ("[D]ismissals for lack of jurisdiction should be without prejudice because the court, having determined that it lacks jurisdiction over the action, is *incapable* of reaching a disposition on the merits of the underlying claims.").

**IT IS ORDERED** that this case is **DISMISSED without prejudice.**

_____
**MARTHA VÁZQUEZ**
**UNITED STATES DISTRICT JUDGE**